GARDNER v. DOBSON et al. (UTAH REALTY CORPORATION, Intervener).

No. 5490. Decided May 23, 1935. (46 P. [2d] 422.)

*Soule & Spalding* and *S. R. Thurman,* all of Salt Lake City, for appellant.

*O. A. Tangren,* of Delta, for respondent.

MOFFAT, Justice.

This action is a companion case to that of *Henry Hanson* v. *Oak Burris et al.,* 86 U. 424, 46 P. (2d) 400, just decided, and except as to parties, the land described, and a few other matters, this case may not be distinguished from the *Hanson* v. *Burris* Case. The law applicable to the one is applicable to the other.

The plaintiff, F. S. Gardner, respondent in this court, filed this action in the district court of the Fifth judicial district of the state of Utah, in and for the county of Millard, to quiet title against all defendants to 40 acres of land in Millard county and within the boundaries of Millard county drainage district No. 4. Plaintiff alleges that the general taxes for the year 1926 were not paid, and as a result the property was sold for taxes, and in due course a tax deed to the property was taken by Millard county, and after the period of redemption had expired, the property was conveyed by Millard county to him. The complaint sets out a short form for quieting title, and then in the second cause of action enumerates the various steps taken by the officials of Millard county upon which plaintiff relies exclusively for his title and right of possession to 40 acres of land described as follows: The southeast quarter of the southwest quarter of section 23, township 17 south, range 7 west, Salt Lake Base and Meridian.

The defendants George W. and Elizabeth May Dobson defaulted. The Millard county drainage district No. 4 answered plaintiff's complaint and set out as defense substantially the same matters and the same defense that the drainage district and other defendants have pleaded in the other cases referred to.

The Pacific Joint Stock Land Bank filed an answer and counterclaim and the Utah Realty Corporation filed a com-

plaint in intervention in which it set out substantially the same matters as are set out in the other cases submitted to this court at the same time. The four cases were of similar import, but varying somewhat in detail. They were tried in the district court almost, if not quite, simultaneously, and much of the evidence applying to one of the cases was stipulated to be applicable to the others. The plaintiff and respondent, F. S. Gardner, bases his claim of title upon the tax deed from Millard county after the county had taken an auditor's deed for the nonpayment of general taxes which had become delinquent and remained delinquent for more than four years before the conveyance was made to him, and after advertised sale. In view of the situation thus presented, the issues in this case are controlled by the law, and the decision in the case of *Hanson* v. *Burris,* supra, to which reference is hereby made.

It is unnecessary to repeat what has been said there. An examination of the record discloses that the judgment of the trial court is supported by the record submitted. There being no reversible error, the judgment of the trial court quieting title of the plaintiff, F. S. Gardner, to the property described is affirmed upon the authority of the *Hanson* v. *Burris Case.* Respondent to recover costs.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.